UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MONET OLIVERAS

                            PLAINTIFF,

-AGAINST-

THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY INVESTIGATIONS SPECIAL
RESPONSE TEAM OFFICER ROBERT BASILE, THE
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY INVESTIGATIONS SPECIAL RESPONSE
TEAM OFFICER SCOTT VOGEL, THE UNITED
STATES DEPARTMENT OF HOMELAND SECURITY
INVESTIGATIONS SPECIAL RESPONSE TEAM
OFFICER JOHN DOE, individually

                            DEFENDANTS.

**FOURTH AMENDED COMPLAINT**

**16-CV-9619**

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff, Ms. Monet Oliveras ("Ms. Oliveras"), seeks compensatory damages, punitive damages and attorney's fees pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of her civil rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution and the Constitutions of the State of New York.

2. The claims arise from an incident on or about April 27, 2016, in which officers of the United States Department of Homeland Security, acting within the scope of their

employment, intentionally and willfully subjected Ms. Oliveras to *inter alia* false arrest, false imprisonment, and excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367

6. Venue is laid within the United States District Court for the Southern District of New York in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff, Ms. Oliveras, is a citizen of the United States and at all times here relevant resided at 1649 Taylor Avenue, Basement Apartment 1S, Bronx 10460.

8. Defendant The United States Department of Homeland Security Investigations Special Response Team Officer Robert Basile ("DHS Officer Basile"), The United States Department of Homeland Security Investigations Special Response Team Officer Scott Vogel ("DHS Officer Vogel"), and The United States Department of Homeland Security Investigations Special Response Team Officer John Doe ("DHS Officer John Doe") at all times hereinafter mentioned, were employed by the

UNITED STATES, specifically by the DHS, and were acting under the color of law, and within the authority of the State of New York and the United States of America.

## FACTUAL ALLEGATIONS

9. Ms. Oliveras is 40 years old and works for the Department of Education.

10. Ms. Oliveras has been on a leave of absence since her son passed away.

11. On or about April 27, 2016, Ms. Oliveras was at home with her friend Ms. Penelle.

12. At approximately 4:00 am, Ms. Oliveras was woken by a noise outside.

13. Ms. Oliveras got out of bed to shut her window.

14. As Ms. Oliveras shut the window, there was a flash and explosion outside.

15. The force of the explosion threw Ms. Oliveras off her feet and backwards, causing her to hit her head and back against the wall before collapsing on the floor.

16. Another window in the apartment shattered as a result of the explosion.

17. Ms. Oliveras was terrified and lay on the ground crying.

18. Shortly thereafter there was another flash and explosion outside of the apartment.

19. The force of the second explosion also caused a window to shatter in Ms. Oliveras' home.

20. The flash and explosions were the result of flash bombs deployed by DHS Officer Vogel and DHS Officer Basile.

21. Ms. Oliveras' ears were ringing as a result of the noise from the explosions.

22. Ms. Oliveras was a little dizzy from hitting her head on the wall and was struggling to catch her breath.

23. There was an unusual smell in the air and Ms. Oliveras' eyes started to sting from the residual vapor and fumes.

24. Ms. Oliveras went to her front door and saw DHS Officer John Doe outside in full tactical gear with his gun drawn.

25. DHS Officer John Doe told Ms. Oliveras that she could not leave her apartment.

26. The DHS officers were executing an arrest warrant for an apartment on the first floor of the building.

27. The building is a multistory building, with four stories above street level and a basement below street level.

28. Ms. Oliveras lives in the basement apartment, which is accessed separately from the rest of the building.

29. The rest of the building is accessed from a main front door on the street level, which does not provide entry to the basement apartment.

30. The basement apartment is accessed from a separate front door on the side of the building, which leads directly into the basement apartment and does not provide entry to the rest of the building.

31. The separate main door to the basement apartment is accessed via a stair down from the street to an areaway.

32. The stair down to the basement apartment is located approximately forty feet along the street from the main front door to the rest of the building.

33. The flash bombs went off in the areaway of the basement apartment, directly outside of Ms. Oliveras' windows.

34. The DHS Officers refused to speak to Ms. Oliveras and she was given no explanation as to what was happening.

35. Ms. Oliveras was terrified and extremely upset.

36. Eventually Ms. Oliveras' was permitted to leave her apartment.

37. Ms. Oliveras requested medical attention but the DHS Officers ignored her requests.

38. Eventually Ms. Oliveras called an ambulance and was taken to North Central Bronx Hospital.

39. Ms. Oliveras was suffering from burning in her eyes, ringing in her ears, pain in her back, chest pains, and a migraine.

40. Ms. Oliveras had to consult a cardiologist as a result of the chest pains she was suffering.

41. As a result of the damage to her home, Ms. Oliveras had to stay with family for three weeks.

42. Ms. Oliveras continues to suffer from irritation to her eyes, from migraines, and from chest pains.

43. Ms. Oliveras continues to feel traumatized by the events of April 27, 2016.

44. Ms. Oliveras feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and physical pain.

## FIRST CAUSE OF ACTION

(Bivens - 42 USC 1983 – False Imprisonment/False Arrest – DHS Officer John Doe)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

47. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely imprisoned by Defendants.

48. Defendants unreasonably and unjustifiably confined Plaintiff.

49. Plaintiff was aware of, and did not consent to, her confinement.

50. The confinement was not privileged.

51. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Bivens - 42 USC 1983 – Excessive Use of Force - DHS Officer Vogel and DHS Officer Basile)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

54. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

55. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## JURY DEMAND

56. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 22, 2019

By:   _____/s/_____
      Malcolm Anderson (MA 4852)
      PetersonDelleCave LLP
      Attorney for Plaintiff
      233 Broadway, Suite 1800
      New York, NY 10279
      (212) 240-9075